**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4826**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBAENON TREQUAN ALEXIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:16-cr-00031-H-1)

Submitted: September 15, 2017                    Decided: September 26, 2017

Before NIEMEYER, SHEDD, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Jennifer C. Leisten, Research & Writing Attorney, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Robaenon Trequan Alexis pled guilty to carjacking, 18 U.S.C. § 2119 (2012), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012). The district court determined that Alexis was an armed career criminal and sentenced him to 180 months on each count. The sentences run concurrently. Alexis appeals, challenging his sentence. We affirm.

Alexis' status as an armed career criminal was based on three prior North Carolina convictions for breaking and entering, N.C. Gen. Stat. § 14-54. He contends that North Carolina breaking and entering is not a predicate crime of violence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012). In *United States v. Beatty*, __ F. App'x __, 2017 WL 3225644 (4th Cir. 2017) (No. 16-4439), we held that a conviction under § 14-54 qualifies as a violent felony because it constitutes generic burglary, thus falling under ACCA's "enumerated offense" clause, 18 U.S.C. § 924(e)(2)(B). *Id.* at \*1-2. We find the analysis of *Beatty* persuasive and adopt it in this case.

Alexis also argues that, given his youth (he was 18 when he committed the offenses), the mandatory minimum sentence he received violates the Eighth Amendment. We review this claim de novo. *See United States v. Dowell*, 771 F.3d 162, 167 (4th Cir. 2014).

The Eighth Amendment prohibits cruel and unusual punishment, which includes both "inherently barbaric" punishment and punishment that "is disproportionate to the crime for which it is imposed." *United States v. Cobler*, 748 F.3d 570, 575 (4th Cir. 2014). The "narrow proportionality principle of the Eighth Amendment does not require strict proportionality between crime and sentence, but forbids only extreme sentences that are

grossly disproportionate to the crime." *Id.* (internal quotation marks omitted). "Before an appellate court concludes that a sentence is grossly disproportionate based on an as-applied challenge, the court first must determine that a threshold comparison of the gravity of the offense and the severity of the sentence leads to an inference of gross disproportionality." *Id.* (internal quotation marks omitted). "In the rare case that a reviewing court concludes that such an inference may be drawn, the court is required to compare the defendant's sentence: (1) to sentences for other offenses in the same jurisdiction; and (2) to sentences for similar offenses in other jurisdictions." *Id.* (internal quotation marks omitted).

We conclude that Alexis failed to make the threshold showing of gross disproportionality. The district court simply imposed the statutorily required 15-year sentence, *see* 18 U.S.C. § 924(e)(1). "Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense." *Harmelin v. Michigan*, 501 U.S. 957, 994 (1991). Further, the 15-year sentence is not grossly disproportionate to the gravity of Alexis' offenses.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*